CHARLES D. SMITH, ADMINISTRATOR AD PROSEQUEN-
DUM OF THE ESTATE OF MARY ELIZABETH SMITH,
DECEASED, PLAINTIFF, v. JAMES D. KIRBY, DEFEND-
ANT.

Decided September 25, 1933.

For the rule, *Durand, Ivins & Carton.*

Opposed, *Quinn, Parsons & Doremus.*

LAWRENCE, C. C. J.   This suit arose under the Death act, and involved the negligent driving of an automobile by defendant's brother, Malcolm, and in which his grandmother, Mary Elizabeth Smith, was riding at the time.   She received injuries of which she died.   The jury found for plaintiff and against the defendant and assessed the damages at $2,000.   Under the rule to show cause why a new trial should not be granted, it was argued that the verdict was contrary to the weight of the evidence, particularly as to the responsibility of the defendant who was not in the car.   The circumstances appear to have been that sometime before the occurrence Malcolm desired to purchase an automobile.   Not having enough money, his grandmother advanced the necessary funds, largely because the car would be subject to their joint use.   He was a minor and the registration license was taken out in the name of the defendant, who was of age. It was not clear at the trial whether the bill of sale was also in his name, as it was not produced and Malcolm stated that he thought it was in the name of his grandmother.   Defendant's answer, however, as drafted by his attorney, indicated that both the title and the license were in his name.   He did

not appear at the trial nor was he otherwise examined. Both boys made their home with the grandparents. James (the defendant) also had a car of his own. After it was purchased, the car in question appears to have been driven by Malcolm and used by Mrs. Smith whenever she desired. On the day of the accident Mrs. Smith expressed a desire to go and look at a forest fire some distance from their home. Malcolm offered to drive her and James said, according to the former, "take the car and take her out," while Mr. Smith's statement at the trial was that James said, "Malcolm, take my car and take grandmother down there." In fact, he took the car which he and his grandmother had purchased and was using it at the time of the accident for one of the purposes for which it had been bought. Malcolm was not made a party defendant, but it was open to the jury to find that his negligence was the proximate cause of the injuries to Mrs. Smith. An issue stressed was whether, in the circumsances stated, the general presumption of agency between the owner and driver of an automobile involved in an accident had been sufficiently rebutted to justify a verdict for defendant; also whether Mrs. Smith was, under the evidence, shown to have been a mere licensee in the car, because of her request to be taken on the journey.

An examination of the record discloses, however, that the real question was whether there was evidence from which the jury could properly have found that the relation of principal and agent or master and servant impliedly existed between the defendant and his brother at the time of the accident, with the result that the latter's negligence could have been imputed to the former. Considering the state of the proofs, the verdict does not appear to have been justified, in view of the holding in *Doran* v. *Thomsen, 76 N. J. L.* 754; 71 *Atl. Rep.* 296. As a matter of fact, there was uncontradicted testimony to the effect that Mrs. Smith and her grandson Malcolm were the real owners of the car with the right to use it and that the defendant took title to it as a convenience for them; that on the day in question she expressed the wish to be taken for a ride; that Malcolm volunteered to drive, and that James permitted or acquiesced in the use of the car. As be-

tween Mrs. Smith and Malcolm, had she not died, a cause of action arose because of his negligent driving, and so to her surviving husband under the Death act, but not so as against the defendant. The use of the car as to him at most was permissive and neither the relation of principal and agent nor master and servant as between him and his brother was shown. It was said in *Doran* v. *Thomsen, supra* (at *p.* 762), that an essential element in the creation of the relation of master and servant as a matter of implication, so far as third persons are concerned, is that the use of the vehicle must be in furtherance of and not apart from the master's service and control, and that a distinction must be made between a mere permission to use and a use subject to the control of the master and connected with his affairs. In its general discussion of the relation of principal and agent and master and servant the cited case also appears to be applicable. So considered, it seems apparent that the evidence offered at the trial of the present suit failed to show that defendant could be held legally responsible in either relation for the negligence charged. The fact that he held title to the automobile would not of itself suffice, taking into account the other features of the case developed by the proofs. The conclusion is that the rule to show cause should be made absolute.